IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY C. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-1243-M |
| | ) |
| MERCY HEALTH SYSTEM, INC. | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is "Defendant's Motion for Summary Judgment" [docket no. 24], filed July 2, 2007. On July 27, 2007, Plaintiff filed his response, and on August 7, 2007, Defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  INTRODUCTION

Plaintiff Anthony C. Davis was employed by Defendant as a Maintenance Mechanic I from June 30, 2003 until his employment was terminated on December 21, 2005. On October 4, 2004, while performing his duties, Plaintiff suffered an injury. As a result of this injury, Plaintiff underwent surgery on February 17, 2005, which was followed by extensive physical therapy and follow-up care. In July, 2005, Plaintiff was released to return to work with restrictions. Plaintiff returned to work and was assigned various light duty tasks consistent with his restrictions. During this period, Defendant made several requests to Plaintiff's treating physician that Plaintiff be released and allowed to return to work without restrictions.

On October 12, 2005, Plaintiff's treating physician found that Plaintiff had reached maximum medical improvement and placed Plaintiff on permanent work restrictions including a maximum lifting capacity of ten pounds with no overhead work. Also in October, 2005, Plaintiff hired an attorney to handle the processing of his workers' compensation claim against Defendant

based on the aforementioned injury.

On November 21, 2005, Plaintiff was asked to attend a meeting with members of Defendant's Human Resources Department. During that meeting, Plaintiff was informed that no accommodations would be made to allow him to return to his position as Maintenance Mechanic I and that he had thirty days to find a position within Defendant's organization consistent with his permanent medical restrictions. Plaintiff did not find such a position and was terminated.[1]

On November 13, 2006, Plaintiff filed the instant action asserting claims of disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, retaliatory discharge in violation of the Oklahoma Workers' Compensation Act, Okla. Stat. tit. 85, §§ 5-7, and breach of contract. Defendant now moves for summary judgment on all of Plaintiff's claims.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

---

[1] Plaintiff asserts that on September 1, 2005, he submitted a bid for a position within Bio-Medical Services that was consistent with his restrictions. However, he does not assert that he sought any position within Defendant's organization subsequent to being released in October, 2005, to return to work with permanent restrictions, or during the thirty day period following the November 21, 2005 meeting with Human Resources.

(1986); *Simms v. Okla. ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if [, viewing the full record,] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, a defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cited in Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

III.   DISCUSSION

    A.   ADA Claim

Plaintiff does not rely on any direct evidence of discrimination. As such, the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), governs the analysis of his claims. *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 n. 3 (10th Cir.1997) (applying *McDonnell Douglas* in ADA context). Therefore, if Plaintiff establishes a prima facie case, the burden shifts to Defendant to offer a legitimate nondiscriminatory reason for its employment decision. *Id*. If Defendant produces such a reason, "the burden then reverts to the plaintiff to show

that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual–i.e., unworthy of belief." *Id*.

"To establish a prima facie case [of disability discrimination] under the ADA, a plaintiff must demonstrate: (1) that [he] is disabled within meaning of the ADA; (2) that [he] is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) that the employer terminated [his] employment under circumstances which give rise to an inference that the termination was based on [his] disability." *Morgan*, 108 F.3d at 1323.

The ADA provides, in pertinent part, that a disability is a physical impairment that substantially limits one or more major life activities. Whether an identified endeavor constitutes a major life activity is a question of law. *Bristol v. Bd. of County Comm'rs of County of Clear Creek*, 281 F.3d 1148, 1157 (10th Cir. 2002). The regulations define major life activity to mean "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); *Bristol*, 281 F.3d at 1157. The phrases "impairment" and "major life activity" are tied together by determining whether the impairment substantially limits the major life activity. *Bristol*, 281 F.3d at 1157 (citing *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998)). This inquiry is a question of fact. *Id*.

"Plaintiff bears the burden of establishing that [he] suffers from an impairment that substantially limits a major life activity." *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1249 (D. Kan. 2007) (citing *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1275 (10th Cir. 2005)). Plaintiff asserts that he is substantially limited in his ability to lift more than ten

pounds and to perform overhead work.[2]

Pursuant to 29 C.F.R. § 1630.2(j):

(1) The term substantially limits means:

    (i) Unable to perform a major life activity that the average person in the general population can perform; or

    (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

(2) The following factors should be considered in determining whether an individual is substantially limited in a major life activity:

    (i) The nature and severity of the impairment;

    (ii) The duration or expected duration of the impairment; and

    (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

29 C.F.R. § 1630.2(j).

As to Plaintiff's contention that he is limited in the major life activity of performing overhead work, he must present evidence that, *inter alia*, he is significantly restricted "in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *See* 29 C.F.R. § 1630.2(j)(3)(i); *Coleman*, 487 F. Supp. at 1250.

Defendant concedes that Plaintiff has an impairment within the meaning of the ADA but

---

[2]Plaintiff also asserts that he is limited in his ability to do prolonged physical activity and activities like carrying, standing and some sitting, but he does not assert that these additional limitations are substantial within the meaning of the ADA.

denies that Plaintiff is substantially limited in any major life activity.  In support of his contention that his impairment substantially limits his ability to lift or to work, Plaintiff directs the Court to *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1174 (10th Cir. 1996) where the Tenth Circuit found that there was a genuine issue of material fact as to whether a fifteen pound weight restriction was substantially limiting.  The Court finds that Plaintiff oversimplifies the decision in *Lowe*. In *Lowe*, the Tenth Circuit found, based on the totality of the circumstances, that there was a genuine issue of material fact because the evidence indicated that the plaintiff suffered from multiple sclerosis, a neurological disease for which there is no known cure, which caused her weight restriction and that the long-term impact of the disease would vary depending on the form it takes. Further, the Tenth Circuit has held that a weight restriction such as Plaintiff's is not substantially limiting on its face.  *Velarde v. Associated Reg'l and Univ. Pathologists*, 61 Fed. Appx. 627, 630 (10th Cir. 2003) (summary judgment properly granted where plaintiff failed to present evidence comparing his lifting abilities to those of the general populace).[3]

The Court has carefully reviewed the parties' briefs and evidentiary submissions.  Viewing the evidence in the light most favorable to Plaintiff and viewing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether he is disabled within the meaning of the ADA. Specifically, the Court finds that beyond his mere conclusory assertions, Plaintiff has presented no evidence comparing his ability to lift or to work with that of the average person.  Further, the Court finds that Plaintiff has presented no evidence establishing that he is significantly restricted in his

---

[3]This unpublished disposition is cited for its persuasive value pursuant to Tenth Circuit Rule 36.3.

ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. Accordingly, the Court finds that Plaintiff has failed to establish his prima facie case and that, therefore, Defendant's motion should be granted as to Plaintiff's ADA claim.

      B.      <u>State Law Claims</u>

Because the Court has found that Defendant is entitled to summary judgment as to Plaintiff's ADA claim, there are no federal claims remaining in the case at bar. Accordingly, the Court, in its discretion pursuant to 28 U.S.C. § 1367(c), declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and finds that such claims should be dismissed without prejudice.

IV.    <u>CONCLUSION</u>

For the reasons set forth in detail above, the Court finds that "Defendant's Motion for Summary Judgment" [docket no. 24] should be, and hereby is, GRANTED as to Plaintiff's ADA claim. With respect to Plaintiff's state law claims, the Court DECLINES to exercise supplemental jurisdiction over those claims and hereby DISMISSES them without prejudice. This Order effectively terminates this action.

**IT IS SO ORDERED this 15th day of August, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE