**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANTHONY C. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  CIV-06-1243-M |
| ) | |
| MERCY HEALTH SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant's Motion To Tax Costs And Attorneys' Fees And Brief In Support [docket no. 39], filed August 29, 2007.  On September 17, 2007, plaintiff filed his response, and no reply was filed.  Based upon the parties' submissions, the Court makes its determination.

On November 13, 2006, plaintiff filed the instant action asserting claims of disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, retaliatory discharge in violation of the Oklahoma Workers' Compensation Act, Okla. Stat. tit. 85, §§ 5-7, and breach of contract.  On August 15, 2007, the Court granted defendant's motion for summary judgment as to plaintiff's ADA claim and declined to exercise supplemental jurisdiction over the remaining claims.  Defendant now moves to tax costs and for attorneys' fees.[1]

Defendant asserts that plaintiff's ADA claim was frivolous and without merit such that the Court should award defendant attorneys' fees.  Specifically, defendant contends that plaintiff represented both to the Oklahoma Security Employment Commission and in deposition in the instant

---

[1] On October 4, 2007, the Court Clerk of the United States District Court for the Western District of Oklahoma taxed costs in the amount of $1,469.57 against plaintiff.

case that he had no handicap, disability or physical restrictions and was fully capable of work. Because plaintiff offered no expert medical testimony and no evidence concerning his ability to do any job or class of jobs, defendant argues that the paucity of proof amounts to a meritless, frivolous case and an award of attorneys' fees is in order.

"[A] district court may *in its discretion* award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978) (emphasis added). The United States Supreme Court qualifies the term "meritless" to be understood "as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case...." *Id*. Further, the "term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him." *Id*. The Supreme Court warns, however, as follows:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id*. at 421-22.

Clearly, defendant is the prevailing party in this litigation. However, even defendant concedes that plaintiff has an impairment within the meaning of the ADA although the Court found

that plaintiff is not substantially limited in any major life activity. Summary Judgment Order at 5-6. Having reviewed the parties' submissions, the Court finds that defendant has failed to produce any evidence by way of affidavit or otherwise, other than its conclusory statements, to demonstrate that plaintiff's claims were vexatious, frivolous, unreasonable or brought to harass or embarrass defendant. The Court, therefore, finds that defendant has not established that plaintiff's claims lacked an arguable basis in fact or law.

Furthermore, the mere fact that the Court found that plaintiff could not sustain his federal law ADA claim does not equate to this case being vexatious, frivolous, unreasonable or brought to harass or embarrass defendant. The Court made no ruling on the merits of plaintiff's state law claims. The Court simply declined to exercise supplemental jurisdiction and dismissed those claims without prejudice. The Court's disposition of those claims, therefore, provides no support for a finding.

Accordingly, because defendant has not established that plaintiff's action was frivolous, unreasonable, or without foundation, the Court DENIES defendant's motion for attorneys' fees.

**IT IS SO ORDERED this 17th day of September, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE